UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $14,000.00 IN U.S. CURRENCY,<br><br>Defendant. | No.  2:22-cv-1731-DAD-KJN<br><br>FINDINGS & RECOMMENDATIONS<br><br>(ECF No. 15.) |

    The United States of America brings this in rem action seeking forfeiture, under 21 U.S.C. § 881(a)(6), of the defendant $14,000.00 ("defendant currency") as money furnished or intended to be furnished in exchange for a controlled substance or listed chemical.  Pending before the court is the Government's motion for entry of default judgment (ECF No. 15), which was submitted without a hearing.[1]  No opposition has been received.

    Upon review of the motion, supporting documents, and good cause appearing, the undersigned recommends the motion be GRANTED.

////

////

///

---

[1] See Local Rule 540(d).  This case was referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

1

**Factual Background**

This is a civil action in rem to forfeit to the United States Approximately $14,000.00 in U.S. Currency seized by the U.S. Postal Inspection Service on or about May 4, 2022. As alleged in the September 2022 complaint, defendant currency is money furnished and intended to be furnished in exchange for a controlled substance or listed chemical, constituted proceeds traceable to such an exchange, and was used and intended to be used to commit or facilitate a violation of 21 U.S.C. §§ 841 et seq., and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

Specifically, on or about April 26, 2022, law enforcement conducted a postal interdiction operation at its Processing and Distribution Center in West Sacramento, California. (ECF No. 1 at ¶ 5). During the interdiction, law enforcement identified express mail parcel #EI269133948US that bore characteristics consistent with trafficking illegal drugs, including a handwritten postal label with no telephone numbers listed for either the sender or the recipient. (Id.) The package was addressed to Jose Lopes, 8608 Laird Street, Patterson, CA 95363, with a return address of Bret Craig, 819 14th Avenue So., Clinton, IA 52732. (Id.) While the package was at the Postal Distribution Center, it was presented to a drug detection dog trained to detect the odor of narcotics on packages; the dog positively alerted to the presence of the odor of narcotics on the package. (Id. at ¶ 6.)

On April 27, 2022, law enforcement attempted to contact the sender and intended recipient of the parcel, but those efforts were unsuccessful. (Id. at ¶ 7.) On April 28, 2022, an individual who identified himself as Jose Lopes called the U.S. Postal Service Customer Care Center inquiring about the parcel. (Id. at ¶ 8.) That same day, law enforcement called Lopes who confirmed that he resided at the recipient address and was expecting the parcel. (Id.) Law enforcement informed Lopes that a drug detection dog alerted to the presence of the odor of narcotics on the parcel. (Id.) Lopes responded that the parcel contained "car parts." (Id.) When asked to identify the specific parts he expected to be in the parcel, Lopes could not do so. (Id.) Lopes then declined when asked to give consent to allow law enforcement to open the parcel. (Id.)

On May 4, 2022, law enforcement executed a federal search warrant on the parcel. (Id. at ¶ 9.) Law enforcement opened the parcel, inside which law enforcement found another box which appeared to contain a vacuum-sealed large ammo box sealed with hardened candle wax that appeared red in color. (Id.) Law enforcement removed the hardened wax material and discovered a large bundle of cash vacuum-sealed wrapped in plastic. (Id.) Additionally, the parcel did not contain any notes, instructions, or receipts. (Id.) A count of the cash seized from the parcel totaled $14,000.00, consisting mainly of $20 bills that amounted to $10,400.00. (Id. at ¶ 10.)

**Procedural Posture**

The Government filed the instant complaint in September of 2022. (ECF No. 1.) On October 6, 2022, the undersigned authorized public notice of the action to be given one time for 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov. Publication in a manner consistent with the court's order began on October 7, 2022, and ran for at least 30 consecutive days, as per Rule G(4)(a)(iv)(C) of Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). (ECF No. 8.) In addition to providing notice by publication, the Government also caused Alex Lopes, Jose Lopes, and Bret Craig to be served with notice, as follows. (ECF Nos. 9-11.)

On July 3, 2022, the Postal Inspection Service received an administrative claim from Alex Lopes with a return address of 8608 Laird St., Patterson, CA 95363. (ECF No. 15-2 at ¶ 6.) On October 18, 2022, the Government mailed copies of the complaint, application and order for publication, order regarding clerk's issuance of warrant for arrest, warrant for arrest, order setting status (pretrial scheduling) conference, standing order, and court notices to Alex Lopes at 8608 Laird Street Patterson, CA 95363, by first class mail and certified mail. (ECF No. 15-1 at ¶ 3 and Ex. A.) On the same date, the Government also mailed copies of the above-listed documents to Jose Lopes at the same address and by the same methods. (Id. at ¶ 5 and Ex. C.) The certified mail packages were returned to the U.S. Attorney's office as "insufficient address, unable to forward," and the first-class mail package was not returned. (Id. at ¶¶ 3, 5.) Further, on November 9, 2022, the U.S. Marshals Service attempted to personally serve the above-listed

3

documents on both Jose Lopes and Alex Lopes at 8608 Laird Street, Patterson, CA 95363. (Id. at ¶¶ 4, 6.) The Deputy U.S. Marshal posted the documents on the front door, and notated that there were many cars, cameras, and signs of people living at the house, but no one answered the door. (Id. and Exs. B and D.) On December 6, 2022, Postal Inspector Jedediah Tyler queried USPS business records and found no changes of address on file going to or from 8608 Laird St., Patterson, CA 95363, for "Jose Lopes" or "Alex Lopes." (ECF No. 15-2 at ¶ 7.) He conducted a further query of Thomson Reuters CLEAR and found that the name "Alex Lopes" is not associated with 8608 Laird St., Patterson, CA 95363. (Id.)

On October 18, 2022, the United States mailed copies of the above-listed documents to Bret Craig at 1308 N 49th Ave Apt 4, Omaha, NE 52732, by first class mail and certified mail; the PS Form 3811 (certified mail "green card" showing delivery of mail) was signed. (ECF No. 15-1 at ¶ 7 and Ex. E.) On November 2, 2022, the U.S. Marshals Service personally served the above-listed documents on Bret Craig at 1308 N 49th Ave Apt 4, Omaha, NE 52732. (Id. at ¶ 8 and Ex. F.)

Despite these notices, neither Alex or Jose Lopes, nor Bret Craig, nor any other person responded to the Government's notices, and the deadline for filing a claim has passed. Supp. R. G(5). On May 11, 2023, at the Government's request, the Clerk of the Court entered default as to Bret Craig, Alex Lopes, and Jose Lopes, as per Fed. R. Civ. P. 55(a). (ECF No. 14.) The Government now seeks entry of a default judgment against these three individuals, as well as the entry of a Final Judgment of Forfeiture vesting all right, title, and interest in the defendant currency to the United States. (ECF No. 15.)

**Legal Standard**

"The Due Process Clause of the Fifth Amendment guarantees that '[n]o person shall . . . be deprived of life, liberty, or property, without due process of law.' [I]ndividuals must receive notice and an opportunity to be heard before the Government deprives them of property." United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993) (citations omitted). Due process is satisfied when the Government complies with the notice requirements set forth by statute and in the federal and local rules of procedure.

4


Civil forfeitures of real property are governed generally by 18 U.S.C. § 985. Forfeiture actions in rem arising from a federal statute are governed by the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. United States v. Real Prop., 135 F.3d 1312, 1315 (9th Cir. 1998); see also Supp. R. A(1)(B), and Supp. R. G (setting forth specific procedural and notice requirements). These rules are reflected in the Local Admiralty and In Rem Rules for the U.S. District Court for the Eastern District of California, which govern all in rem proceedings filed in this court. See Local Rule 500. Local Rule 540 sets forth the procedures for obtaining default judgment in an action in rem.

**Analysis**

Local Rule 540(d) provides for an ex parte hearing and entry of default judgment, without further notice, at any time after the time for answer has expired, provided due notice of the action has been given and no one has appeared to claim the property and give security thereof. The Government has demonstrated compliance with these requirements.

**A.     Notice**

Supplemental Rule G(4) requires the Government to provide both general notice to the public and direct notice of the forfeiture action to any known person who reasonably appears to be a potential claimant. Fed. R. Civ. P. Supp. G(4)(a), (b).

**1.     Published Notice**

Rule G(4)(a)(ii) provides that "a published notice must: (A) describe the property with reasonable particularity; (B) state the times under Rule G(5) to file a claim and to answer; and (C) name the government attorney to be served with a claim and answer."

Here, the Government published the required notice of the Government's complaint on the official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, beginning on October 6, 2022. (ECF No. 8.) The notice describes the amount of currency and location of its seizure, and states that claims and answers under Rule G(5) must be brought within 60 days from the first day the notice is published. (Id. at 3.) The notice also names Kevin Khasigian as the government attorney to be served with the claim and answer. (Id.) Thus, the government has satisfied the requirements of Rule G(4)(a)(ii).

**2.     Notice to Claimants**

Rule G(4)(b) sets forth the requirements for notice to known potential claimants. It provides that "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Fed. R. Civ. P. Supp. G(4)(b)(i). The notice must state "(A) the date when the notice is sent; (B) a deadline for filing a claim, at least 35 days after the notice is sent; (C) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and (D) the name of the government attorney to be served with the claim and answer." Fed. R. Civ. P. Supp. G(4)(b)(ii). Finally, Rule G(4)(b)(iii)(A) provides that "[t]he notice must be sent by means reasonably calculated to reach the potential claimant."

Here, the government complied with this rule by sending notice of the action and a copy of the complaint to the potential claimants, Alex Lopes, Jose Lopes, and Bret Craig, by first-class and certified mail. (See ECF No. 15-1 at ¶¶ 3-8 & Exs. A-E.) As to the sufficiency of the notices, they properly list a 35-day deadline for filing a claim and a 21-day deadline for submitting an answer or a motion under Rule 12, as well as naming Kevin C. Khasigian as the government attorney to be served with the claim and answer. (See id.) Additionally, the U.S. Marshals Service posted the notices at the front door of the Lopes's last known addresses, and personally served Craig. (See ECF No. 15-1 at ¶ 4, 6, 8.)

The Government has adhered to the procedural rules governing civil forfeiture actions as required by federal statute, the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Admiralty Local Rules. The court now turns to whether default judgment is warranted.

**B.     Entry of Default Judgment is Proper**

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk is required to enter default when the fact of default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). The Clerk's entry of default against Alex Lopes, Jose Lopes, and Bret Craig effects their admission of the factual allegations of the complaint, except those relating to the amount of damages. See Fed. R. Civ. P. 8(b)(6); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

It remains within the sound discretion of the district court to grant a default judgment pursuant to Fed. R. Civ. P. 55(b).  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making a default judgment determination, the court considers the following factors:

1. the possibility of prejudice to the plaintiff,
2. the merits of plaintiff's substantive claim and the sufficiency of the complaint;
3. the sum of money at stake in the action;
4. the possibility of a dispute concerning material facts;
5. whether the default was due to excusable neglect, and
6. the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986) (noting defaults are ordinarily disfavored).  Here, application of the Eitel factors supports entry of default judgment of forfeiture against Alex Lopes, Jose Lopes, and Bret Craig as potential claimants of the defendant currency, and against all other potential interests.  This is consistent with the nature of forfeiture in rem proceedings.  See Hanson v. Denckla, 357 U.S. 235, 246 n.12 (1958) (explaining that "[a] judgment in rem affects the interests of all persons in designated property").

    1.  Possibility of Prejudice to the Plaintiff

The first Eitel factor considers whether plaintiff would suffer prejudice if default judgment were not entered, as prejudice to a plaintiff weighs in favor of a default judgment.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, the Government would be prejudiced by the denial of its motion, spending additional time and effort litigating an action in which the claimants have abandoned their claims to the defendant currency.  Further, given that no party has attempted to oppose the complaint or otherwise make a claim against the defendant currency, if the Government's motion is not granted, it will have no other opportunity to establish its right to the currency.

    2.  Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third factors (the merits of the substantive claims and the sufficiency of the complaint) are considered in tandem, due to the relatedness of the two inquiries.  The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

///

Here, the Government's claim appears to have merit and is sufficiently pleaded. Specifically, accepting as true the factual allegations of the verified complaint, the Government has demonstrated that defendant currency was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, et seq. (prohibiting the manufacturing, distributing, dispensing or possessing of a controlled or counterfeit substance), an offense punishable by more than one year's imprisonment, and therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).  Additionally, as set forth above, the Government has adhered to the procedural requirements of a forfeiture action in rem, including the filing of a sufficiently verified complaint.  See United States v. Currency, U.S. $42,500.00, 283 F.3d 977, 982–83 (9th Cir. 2002) (holding that narcotics-detection canine's alert is "an important factor in determining probable cause" and provides evidence of a link between seized money and controlled substances); United States v. $79,010.00 in United States Currency, 2012 U.S. Dist. LEXIS 48148, at *19 (D. Ariz. Apr. 4, 2012) (finding substantial connection between money seized and a drug trafficking offense based on, among other things:  (1) money packaged in rubber bands in four layers of plastic bags, (2) presence of vacuum seal bags typically used in drug trafficking, and (3) canine alert to scent of drugs).

        3.   <u>Sum of Money at Stake</u>

The defendant currency that was seized and subject to forfeiture is not of such substantial value as to warrant denial of the Government's motion.  See, e.g., United States v Approximately $28,000 in U.S. Currency, 2022 WL 3910244, at *5 (E.D. Cal. Aug. 31, 2022) (noting $28,000 was not a substantial sum to dissuade default judgment finding).

        4.   <u>The Possibility of a Dispute Concerning Material Facts</u>

The potential claimants were properly served with notice of this action and instructions on how and when to enter a claim.  No claim or answer has been filed, and so liability has been admitted.  The court may assume the truth of well-pleaded facts in the complaint following the clerk's entry of default, and thus, the court now finds there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the

court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); PepsiCo, Inc., 238 F. Supp. 2d at 1177. The Government provided additional declarations detailing how it came into possession of the defendant currency. On the record before this court, there is no evidence of a genuine dispute concerning the material facts. The undersigned finds this factor favors the entry of a default judgment. See, e.g., 28,000 in U.S. Currency, 2022 WL 3910244 at *5.

### 5. Whether the Default was Due to Excusable Neglect

Upon review of the record before the court, the undersigned finds the default was not the result of excusable neglect. Pepsi Co, Inc., 238 F. Supp. 2d at 1177. Here, there is no evidence that Alex Lopes, Jose Lopes, and Bret Craig's abandonment was due to excusable neglect, given the ample notice provided each. See, e.g., id.

### 6. Policy of Deciding Cases on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, although the undersigned is cognizant of this policy—it is unavailable here because defendants have not responded. This factor does not weigh against entry of default judgment. See, e.g., id.

### **Conclusion**

Given the above, the undersigned finds no impediment to default judgment sought by the Government, and so will recommend that the motion be granted.

### **RECOMMENDATIONS**

For the above reasons, IT IS HEREBY RECOMMENDED that:

1. The Government's motion for default judgment (ECF No. 15) be GRANTED;
2. Default judgment be entered against any right, title, or interest of potential claimants Alex Lopes, Jose Lopes, and Bret Craig in the defendant currency referenced in the above caption; and
3. Final judgment be entered, forfeiting all right, title, and interest in the defendant currency

9

1  to the United States, to be disposed of according to law.
2  These findings and recommendations are submitted to the United States District Judge assigned to
3  the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after
4  being served with these findings and recommendations, the parties may file written objections
5  with the court and serve a copy on all parties.  Such a document should be captioned "Objections
6  to Magistrate Judge's Findings and Recommendations."  The parties are advised that
7  failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  Dated:  January 19, 2024

                                         _____
                                         KENDALL J. NEWMAN
                                         UNITED STATES MAGISTRATE JUDGE

curr.1731